**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------X
UNITED STATES OF AMERICA,                    :
                                                                         :
                     Government,         :        09 Cr. 657  (RMB)
                                                                         :
     -against-                                      :        **DECISION AND ORDER**
                                                                         :
ONESIMO SANCHEZ-ABREU,                  :
                                                                         :
                     Defendant.            :
------------------------------------------------------------------X

**I.     Background**

By motion dated February 10, 2011, and reply dated March 14, 2011 ("Reply"), Onesimo Sanchez-Abreu ("Defendant" or "Sanchez-Abreu"), pro se, moves pursuant to United States Sentencing Guidelines ("U.S.S.G.") § 5G1.3(b) for an eight month reduction of his 48 month sentence to " give[] [him] credit for time spent in state custody". (Motion at 1, 4.)[1] By response, dated February 28, 2011 ("Response"), the Government opposes the Defendant's motion arguing, among other things, that "because Sanchez-Abreu received credit toward his state sentence [on January 15, 2010] for the time he was in federal custody, that time cannot also be credited toward his federal sentence" and "U.S.S.G. § 5G1.3 [is] inapplicable to this case." (Response at 4, 5.)

While state charges of forcible touching, sexual abuse in the third degree, and endangering the welfare of a child in violation of New York State Penal Law §§ 130.52, 130.55

---

[1] Defendant previously filed and withdrew a similar motion advising the Court that he would exhaust his administrative remedies and then re-petition the Court. As a result, by Order, dated August 26, 2010, the Court denied Defendant's prior motion as moot. (See Order dated August 26, 2010.) Because the prior motion was fully briefed at the time the Court issued its August 26, 2010 Order, the Court has considered the arguments of the parties contained in all of their submissions.

and 260.10 were still pending against him, Sanchez-Abreu pled guilty on September 28, 2009 before Magistrate Judge James C. Francis, IV to illegal reentry into the United States after being deported and following a November 9, 1999 conviction of an aggravated felony, in violation of 8 U.S.C. § 1326(a) & (b)(2).  The guilty plea was accepted by this Court on October 8, 2009.  <u>See</u> Order dated October 8, 2009 [#6].  On December 15, 2009, Defendant also pled guilty before this Court to a violation of supervised release under docket number 89 cr 969 in that, while on supervised release, Defendant committed the offense of conspiring to distribute and possess with intent to distribute 5 kilograms and more of cocaine in violation of 21 U.S.C. §§ 841(b)(1)(A) & 846.   On January 4, 2010, Defendant was sentenced to 48 months incarceration followed by a three year term of supervised release for the illegal reentry offense and to 12 months incarceration (to run concurrently with the 48 month sentence) for the supervised release violation.  The Court recommended that the Defendant be placed in a facility close to New York City.  (<u>See, e.g.</u>, Transcript of proceedings held on January 4, 2010 ("Tr.") at 23:9-15 Ms. Gatto: "If you could make a recommendation to bureau of prisons that Mr. Sanchez Abreu be designated to a facility in the New York area so his family can continue to visit him."  Court: "I will make that recommendation.")

   As noted, on or about January 15, 2010, Defendant pled guilty in state court to endangering the welfare of a child and was sentenced to "time served".  A five year order of protection was also issued.  (<u>See</u> Exh. C attached to Government's Oppn., July 26, 2010.)

**For the reasons set forth below, Defendant's motion to reduce his 48 month sentence is respectfully denied.**

II.    **Legal Standard**

18 U.S.C. § 3585(b) provides that a "defendant shall be given credit toward the service of

2

a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences - (1) as a result of the offense for which the sentence was imposed . . . that has not been credited against another sentence."

"A federal sentence does not begin to run . . . when a defendant is produced for prosecution in federal court pursuant to a federal writ of *habeas corpus ad prosequendum*. Rather, the state retains primary jurisdiction over the prisoner, and federal custody commences only when the state authorities relinquish the prisoner on satisfaction of the state obligation." United States v. Smith, 812 F.Supp. 368, 370 (E.D.N.Y. 1993).

Where, as here, a party is proceeding pro se, the Court construes his claims liberally, see Marmolejo v. United States, 196 F.3d 377, 378 (2d. Cir. 1999), and "leniency is generally accorded." Bey v. Human Res. Admin., No. 97 Civ. 6616, 1999 WL 31122, at *2 (E.D.N.Y. Jan 12, 1999).

### III.   Analysis

Defendant argues that the U.S. Bureau of Prisons ("BOP") "did not credit him for the 8 months that he served in the state's custody on pending charges that led to this instant conviction. The only provision to correct this would be in the sentencing court under the provisions of U.S.S.G. 5G1.3(b)." (Motion at 6.) Defendant further argues that "the District Judge, himself had [intended that], (Petitioner) be given . . . credit for time spent in state custody." (Motion at 4.) Defendant also "directs the court to review the sentencing transcript, where the district court judge also, thought that I should receive credit for the time I had served in state custody and stated on record, "he recommended to the B.O.P. that I received such credit." (Reply at 4.)

The Government responds that: (1) U.S.S.G. § 5G1.3 "is inapplicable to the instant case

3

because when Sanchez-Abreu began serving his federal sentence on the illegal reentry conviction, he was not already serving another sentence arising out of the same criminal conduct that led to the illegal reentry prosecution"; (2) the "Sentencing Reform Act [only] permits defendants to receive credit for prior custody where the custodial period has not [already] been credited against another sentence," and that the time Defendant spent in the (primary) custody of the state authorities between May 2009 and January 2010 was, in fact, credited to Defendant when he was sentenced to time served by the state court on January 15, 2010; (3) "multiple terms of imprisonment imposed at different times are presumed to run consecutively, unless the court orders the terms . . . to run concurrently"; (4) "Sanchez-Abreu's latest state conviction for endangering the welfare of a child is independent of and completely unrelated to his federal conviction for illegal reentry. These entirely separate offenses merit entirely separate punishments." (Response at 4-6, fn. 1.)

Defendant was properly sentenced in Federal court on January 4, 2010 to a 48 month term of imprisonment. (Tr. at 20.) Defendant had no right to receive credit towards his federal sentence for the time spent in the primary custody of the state authorities, i.e., from May 2009 through January 15, 2010, for several reasons. First, the federal offense of illegal reentry and the violation of supervised release based upon a narcotics offense for which Defendant was sentenced are not related to the state offenses of forcible touching, sexual abuse in the third degree, and endangering the welfare of a child. Accordingly, U.S.S.G. § 5G1.3(b) does not apply.

Second, at the time of (Federal) sentencing, the Court was aware that the Defendant was then in federal court pursuant to a writ of *habeas corpus ad prosequendum* issued on July 7, 2009, and that such time would not be credited to his federal sentence. (Tr. at 8.) At the same

4

time, the Court stated that it would "take that factor into consideration in determining a fair and reasonable sentence that is sufficient but not greater than necessary." (Tr. at 9.) That fact was considered in imposing a 48 month sentence.

Third, Defendant is not entitled to receive credit toward both his federal and state terms of imprisonment for the time Defendant spent in federal court pursuant to a writ *habeas corpus ad prosequendum*. See e.g., Roche v. Sizer, 675 F.2d 507, 510 (2d Cir. 1982); United States v. Wusebio, No. 04 cr 607, 2007 WL 582745, at *3 (S.D.N.Y. Feb. 21, 2007). And, since Defendant has already received state credit for such time, he is not also entitled also to receive federal credit for such time. See United States v. Fermin, 252 F.3d 102, 108 fn. 10 ("A defendant held at a federal detention facility is not 'in custody' for the purposes of § 3585(a) when he is produced through a writ of habeas corpus ad prosequendum. . . The Bureau of Prisons could not credit [Defendant] for the time he had already served because it was credited against another sentence - the state parole violation - even though he might have been discharged earlier on his state sentence.").

Fourth, the Court did not - - and could not have - - sentence Defendant on January 4, 2010 to a term of imprisonment to run concurrently with the state term of imprisonment because, at the time of Federal sentencing, no such state term of imprisonment had been imposed. As previously noted, Defendant was sentenced in Federal court on January 4, 2010, while his plea of guilty and sentence of (time served) in state court did not occur until January 15, 2010. See, e.g., United States v. Pineyro, 112 F.3d 43, 44 (2d Cir. 1997) ("The order sentencing [Defendant] on the federal charge did not state that his federal sentence would run concurrently with his state sentence, nor could it have, since [Defendant] had not yet been convicted or sentenced for the unrelated state offenses.")

The sentencing Judgments, dated January 4, 2010, clearly reflect the intention of the Court which was that Defendant was to serve concurrent federal sentences, i.e., of 48 months in prison under docket number 09 cr 657 and 12 months in prison under docket number 89 cr 969. Defendant was given a "non guidelines" sentence that was 9 months lower than the low end of the United States Sentencing Guidelines range of 57 to 71. In reaching this sentence, the Court considered the factors in 18 U.S.C. § 3553(a), the submissions and arguments of counsel and the Defendant, including the argument that Defendant was in Federal court pursuant to a writ of *habeas corpus ad prosequendum*. See Tr. at 10 ("I am willing to consider a non-guideline sentence so that Mr. Sanchez Abreu can get the benefit of the time, roughly six months, that he's been in federal custody, which I think he would not otherwise get, so that would bring us to a proposed sentence of 51 months. And my inclination is to sentence also to 12 months on the violation of supervised release, but to have that sentence run concurrently with the 51 months sentence."). The Court went on to conclude that "I'm somewhat persuaded by the defense counsel in terms of Mr. Abreu's efforts to turn his life around, and rather than sentencing him to 51 months I'm going to sentence to 48 months of incarceration on the principal offense, 12 months on the violation to run concurrently." (Tr. at 20.)

## IV.  Conclusion

For the reasons stated herein, Defendant's motion is denied.

Dated: New York, New York
       April 14, 2011

　　　　　　　　　　　　　　　　　　　*RMB*
　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　**Richard M. Berman, U.S.D.J.**